# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **DEANNA BROUSSARD** | **CIVIL ACTION** |
| **VERSUS** | **NO: 15-6959** |
| **JAZZ CASINO CO. LLC ET AL** | **SECTION "H"** |

## ORDER AND REASONS

Before the Court is Defendant Jazz Casino's Motion to Dismiss (Doc. 10). For the following reasons, the Motion is GRANTED IN PART.

## BACKGROUND

Defendant Jazz Casino Company, LLC ("Jazz Casino") hired Plaintiff Deanna Broussard as a Senior Executive Host at Harrah's Casino in April 2006. On May 14, 2014, Jazz Casino discharged Plaintiff for alleged misconduct. Thereafter, Plaintiff, a sixty-five-year-old woman, filed a charge of discrimination under the Age Discrimination in Employment Act (ADEA) with the Equal Employment Opportunity Commission (EEOC). In her EEOC charge, Plaintiff claimed that she was discriminated against because of her age and "discharged and replaced with someone younger." The charge also alleged

1

that her manager, Defendant Matthew Robicheaux, made remarks about her age and alleged that she had poor hearing.  Additionally, it alleged that another supervisor, Defendant Cain Myers, repeatedly asked if she was going to retire soon.  On September 23, 2015, Plaintiff received a right to sue letter from the EEOC.

On December 20, 2015, Plaintiff brought this suit, asserting an ADEA claim, a state law employment discrimination claim, a hostile work environment claim, a defamation claim, a breach of contract claim, and an intentional infliction of emotional distress claim, as well as claims under "all other applicable" federal and state laws.  Defendants include Jazz Casino, and its employees, Cain Myers, Matthew Robicheaux, Kristen Westburg, and Daniel Real.  Plaintiff claims Myers, Robicheaux, Westburg, and Real individually discriminated against her.

Defendant Jazz Casino has filed the instant motion to dismiss many of Plaintiff's claims.  This Court will address each argument in turn.

## **LEGAL STANDARD**

To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must plead enough facts "to state a claim for relief that is plausible on its face."[1] A claim is "plausible on its face" when the pleaded facts allow the court to "draw reasonable inference that the defendant is liable for the misconduct alleged."[2] A court must accept the complaint's factual allegations as true and must "draw all reasonable inferences in the plaintiff's favor."[3] The court need not, however,

---

[1] *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007)).
[2] *Id.*
[3] *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir. 2009).

accept as true legal conclusions couched as factual allegations.[4]  To be legally sufficient, a complaint must establish more than a "sheer possibility" that the plaintiff's claims are true.[5]  If it is apparent from the face of the complaint that an insurmountable bar to relief exists and the plaintiff is not entitled to relief, the court must dismiss the claim.[6]  The court's review is limited to the complaint and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint.[7]

## LAW & ANALYSIS

This Court will address each of Movant's arguments for dismissal in turn.

### I.        Hostile Work Environment Claim

Movant first argues that Plaintiff's hostile work environment claim should be dismissed for failure to exhaust her administrative remedies. Movant alleges that Plaintiff's EEOC charge does not support a hostile work environment claim.  Plaintiff's Complaint adds additional facts that were not included in her EEOC charge.   Specifically, Plaintiff's Complaint adds allegations of discriminatory incidents involving two additional supervisors not mentioned in her EEOC charge—Westburg and Real.  Movant argues that Plaintiff has not exhausted her administrative remedies as to her hostile work environment claim because these additions are beyond the scope of the EEOC charge.  Movant also argues that because these allegations were not included in the EEOC charge, they are now are time-barred.

---

[4] *Iqbal*, 556 U.S. at 678.
[5] *Id.*
[6] *Lormand*, 565 F.3d at 255–57.
[7] *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000).

Under the ADEA, an employee may seek judicial relief but must first exhaust her administrative remedies with the EEOC.[8]  A claim is considered exhausted if is within "the scope of the EEOC complaint and reasonably expected to grow out of a charge of discrimination."[9]  "In examining a Title VII or ADEA action, the Court's inquiry 'is not . . . limited to the *exact* charge [of discrimination].'"[10]  The Fifth Circuit has recognized that a Title VII plaintiff is not required to "check a certain box or recite a specific incantation to exhaust his or her administrative remedies."[11]   Additionally, EEOC charges are construed broadly and require "a fact-intensive analysis."[12]

Plaintiff's EEOC charge alleges that her supervisors "repeatedly" made comments regarding her age and even persisted after she asked them to stop.[13] This Court holds that those allegations were sufficient to put Movant on notice that Plaintiff might seek a hostile work environment claim.  A hostile work environment claim was within the scope of Plaintiff's EEOC charge.  Movant's request to dismiss on those grounds is denied.  In light of this finding, Movant's argument that Plaintiff's hostile work environment claim is time-barred for failure to allege such in her EEOC charge likewise fails.

## II.   Defamation Claim

Movant next moves for dismissal of Plaintiff's defamation claim, arguing that Plaintiff has failed to allege enough facts to meet the four elements

---

[8] *Walton-Lentz v. Innophos*, 476 Fed. App'x 566, 569 (5th Cir. 2012).

[9] *Id.*

[10] *Harris v. State Farm Fire & Cas. Ins. Co.*, 178 F.Supp. 2d 680, 659 (W.D. La. 2001) (quoting *Young v. City of Houston*, 906 F.2d 177, 179 (5th Cir. 1990).

[11] *Pacheo v. Mineta*, 448 F.3d 783, 789 (5th Cir. 2006) (citing *Sanchez v. Standard Brands, Inc.*, 431 F.2d 455, 466 (5th Cir. 1970)).

[12] *McClain v. Lufkin Industries, Inc.*, 519 F.3d 264, 273 (5th Cir. 2010).

[13] Doc. 10-2, p. 2.

required for a defamation claim under Louisiana law.  Movant argues that the Plaintiff's claim amounts merely to a disagreement with the Defendants' legitimate, non-discriminatory reason for her discharge.  Under Louisiana law,

> [f]our elements are necessary to establish a claim for defamation: (1) a false and defamatory statement concerning another; (2) an unprivileged publication to a third party; (3) fault (negligence or greater) on the part of the publisher; and (4) [a] resulting injury. The fault requirement is generally referred to in the jurisprudence as malice, actual or implied."[14]

"[A] statement is defamatory if it tends to harm the reputation of another so as to lower the person in the estimation of the community, [or] deter others from associating or dealing with the person . . . ."[15]  "[A]ny communication to a third party, absent a privilege, absolute or qualified, is considered a publication."[16]

This Court holds that the allegations of Plaintiff's Complaint are sufficient to state a claim for defamation.  In her Complaint, Plaintiff contends that Defendants alleged that she was terminated for "misconduct" when she failed to meet certain sales or financial performance goals.[17]  Plaintiff claims the use of the word "misconduct" in the "parlance of employment law . . . often refers to theft, dishonesty, or insubordination."[18]  Plaintiff argues that given these connotations of the word "misconduct," its use in her personnel file and in connection with her unemployment insurance benefit hearing amounts to defamation and slander.[19]  Plaintiff alleges that Defendants' defamatory

---

[14] *Lorenzo v. State Farm Mut. Auto. Ins. Co.*, 983 F. Supp. 2d 852, 856 (E.D. La. 2013).

[15] *Kennedy v. Sheriff of E. Baton Rouge,* 935 So. 2d 669, 674 (La. 2006).

[16] *Carlisle v. Sotirin*, No. 04-1549, 2005 WL 78938, at *5 (E.D. La. Jan. 11, 2005) (quoting *Costello v. Hardy*, 864 So.2d 129, 142 (La. 2004)).

[17] Doc. 1, p. 10.

[18] Doc. 1.

[19] *See Costello v. Hardy*, 864 So. 2d 129, 142 (La. 2004) ("We likewise find that the statements were published [in the plaintiff's petition], since any communication to a third party, absent a privilege, absolute or qualified, is considered a publication.")

comment has caused damage to her re-employment prospects, her reputation, and future employability.   Accordingly, Plaintiff has stated a claim for defamation, and Movant's motion to dismiss such is denied.

### III.   <u>Breach of Contract Claim</u>

Movant next argues that Plaintiff has failed to state a cause of action for breach of contract because her Complaint does not identify any specific obligation or failure to perform on its part.   In order to state a valid claim for breach of contract under Louisiana law, Plaintiff must allege: (1) an undertaking of an obligation to perform, (2) a failure to perform the obligation, and (3) damages resulting from the failure to perform.[20]   Movant claims that the Plaintiff "has not identified any specific obligation arising under her alleged contract."[21]

Plaintiff's Complaint claims Defendant Jazz Casino entered into an employment contract with her that guaranteed Plaintiff's employment until June 1, 2014, and that it breached that contract by terminating her a few weeks earlier on May 14, 2014.   Plaintiff alleges that she was entitled to remain employed until the expiration of her contract and that she anticipated that her contract would be renewed.   She alleges that her termination resulted in out-of-pocket expenses, such as professional license renewal fees.   This Court holds that Plaintiff's allegations are sufficient to state a claim for breach of contract. Plaintiff's Complaint alleges that Movant was obligated by the employment

---

[20] *Favrot v. Favrot*, 68 So.3d 1099, 1109–10 (La. App. 4 Cir 2011) (citing *Jackson Joint Venture v. World Constr. Co., Inc.*, 499 So.2d 426, 427 (La. App. 4 Cir. 1986)); *see also Smoothie King Franchises, Inc. v. Southside Smoothie & Nutrition Center, Inc.*, No. 11–2002, 2012 WL 630010, at *4 (E.D. La. 2012).
[21] Doc. 10-1, p. 11.

contract to maintain her employment until June 1, that it failed to do so by terminating her earlier, and that she suffered damages caused by her early termination.[22]   Accordingly, Movant's request for dismissal of this claim is denied.

## IV.   Intentional Infliction of Emotional Distress Claim

Movant next seeks dismissal of Plaintiff's Intentional Infliction of Emotional Distress ("IIED") claim. Under Louisiana law,

> in order to recover for intentional infliction of emotional distress, a plaintiff must establish (1) that the conduct of the defendant was extreme and outrageous; (2) that the emotional distress suffered by the plaintiff was severe; and (3) that the defendant desired to inflict severe emotional distress or knew that severe emotional distress would be certain or substantially certain to result from his conduct.  The conduct must be so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious and utterly intolerable in a civilized community.  Liability does not extend to mere insults, indignities, threats, annoyances, petty oppressions, or other trivialities.[23]

Movant argues that the Plaintiff "has not alleged a single fact that gives rise to any inference that would support one of the three elements for an intentional infliction of emotional distress claim."[24]   This Court agrees. Plaintiff alleges that the denigration of her job performance has caused her emotional distress. However, Plaintiff's Complaint fails to allege any facts

---

[22] In its reply, Movant raises two additional arguments seeking dismissal of Plaintiff's defamation claim: (1) that the alleged publication is subject to a qualified privilege, and (2) that Plaintiff's defamation claim is prescribed.  However, "[i]t is the practice of [the Fifth Circuit] and the district courts to refuse to consider arguments raised for the first time in reply briefs." *Gillaspy v. Dall. Indep. Sch. Dist.*, 278 Fed.Appx. 307, 315 (5th Cir. 2008).  Accordingly, this Court declines to address Movant's new arguments.

[23] *White v. Monsanto*, 585 So.2d 1205, 1209 (La. 1991).

[24] Doc. 10-1, p. 10.

showing that Plaintiff suffered severe emotional distress or that the Defendants' conduct was sufficiently outrageous.  Even taking the Plaintiffs allegations as true, her allegations do not support a claim for IIED. "Employment disputes, even those involving discrimination and harassment, will rarely rise to the level of intentional infliction of emotional distress. Ultimately, '[c]onduct in the workplace, even if calculated to cause some degree of mental anguish will rarely be so severe that it will rise to the level of outrageous conduct.'"[25]  Accordingly, Plaintiff's claim for IIED is dismissed. Plaintiff is granted leave to amend her IIED claim to the extent that she can remedy the deficiencies identified herein.

## V.   **Other Claims**

Finally, Movant argues that the Complaint's references to claims under "all other applicable" federal and state laws should be dismissed.  It also argues that Plaintiff's claim under Louisiana Revised Statute § 23:1006, which was repealed in 1997, should be dismissed.  It is well settled that "[c]omplaints are for the purpose of pleading facts, not law."[26]  In order to pass muster under Rule 12(b)(6), a complaint must contain "enough *facts* to state a claim to relief that is plausible on its face."[27]  "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions.[28] Accordingly, Plaintiff's mere reference to "all" federal and state laws is insufficient to state a claim where a claim is not otherwise supported by facts

---

[25] *Tate v. La. Dept. of Transp. and Dev.*, No. 11-1212, 2013 WL 796015, at *21 (E.D. La. Mar. 4, 2013) (citing *Bertaut v. Folger Coffee Co.*, No. 06–2437, 2006 WL 2513175, at *3–4 (E.D. La. Aug. 29, 2006)).

[26] *Jetco Elec. Indus. v. Gardiner*, 325 F. Supp. 80, 84 (S.D. Tex. 1971).

[27] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) (emphasis added).

[28] *Id.* at 555.

in the Complaint.  In addition, Plaintiff's incorrect reference to the repealed Louisiana Revised Statute § 23:1006, which has been renumbered and replaced by Louisiana Revised Statute 23:332,[29] does not prevent her from pursing a state law claim for intentional discrimination in employment where the facts of her Complaint otherwise support such a claim.  Accordingly, the incorrect or superfluous references to law in Plaintiff's Complaint should be ignored in lieu of the facts pleaded therein.

### **CONCLUSION**

For the foregoing reasons, Defendant Jazz Casino's Motion to Dismiss is GRANTED IN PART.  Plaintiff's IIED claim is DISMISSED, and she is granted leave to amend this claim within 20 days of this Order to the extent that she can remedy the deficiencies identified herein.

New Orleans, this 14th day of June, 2016.

_____
**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**

---

[29] Act of July 15, 1997, 1997 La. Sess. Law Serv. Act 1409.