UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA


| | |
|---|---|
| **DEANNA BROUSSARD** | **CIVIL ACTION** |
| **VERSUS** | **NO: 15-6959** |
| **JAZZ CASINO CO. LLC ET AL.** | **SECTION "H"** |

## ORDER AND REASONS

Before the Court is Defendants Daniel Real, Matthew Robicheaux, and Kristin Westberg's (collectively "Individual Defendants") Motion to Dismiss Individual Defendants (Doc. 10). For the following reasons, the Motion is GRANTED.


## BACKGROUND

Defendant Jazz Casino Company, LLC ("Jazz Casino") hired Plaintiff Deanna Broussard as a Senior Executive Host at Harrah's Casino in April 2006. On May 14, 2014, Jazz Casino discharged Plaintiff for alleged misconduct. Plaintiff's unemployment benefits hearing, in which Defendants allegedly sought to block the Plaintiff's Unemployment Insurance Benefits, took place on August 7, 2014. Thereafter, Plaintiff, a sixty-five-year-old

1

woman, filed a charge of discrimination under the Age Discrimination in Employment Act (ADEA) with the Equal Employment Opportunity Commission (EEOC).  In her EEOC charge, Plaintiff claimed that she was discriminated against because of her age and "discharged and replaced with someone younger."  The charge also alleged that her manager, Defendant Matthew Robicheaux, made remarks about her age and alleged that she had poor hearing.  Additionally, it alleged that another supervisor, Defendant Cain Myers, repeatedly asked if she was going to retire soon. On September 23, 2015, Plaintiff received a right to sue letter from the EEOC.

On December 20, 2015, Plaintiff brought this suit, adding additional allegations.  Plaintiff's Complaint further alleges that Defendant Kristen Westburg defamed her by characterizing Plaintiff's termination as based on "misconduct," making it difficult for Plaintiff to obtain Unemployment Insurance Benefits and harming her future job prospects.  The Complaint also alleges that defendant Daniel Real did not properly train or monitor the employees he supervised and did nothing to prevent the allegedly wrongful termination.

Plaintiff's Complaint brings an ADEA claim, a state law employment discrimination claim, a hostile work environment claim, a defamation claim, a breach of contract claim, and an intentional infliction of emotional distress claim.  Defendants include Jazz Casino, and its employees, Cain Myers, Matthew Robicheaux, Kristen Westburg, and Daniel Real.  Plaintiff claims Myers, Robicheaux, Westburg, and Real individually discriminated against her. This Court has previously dismissed petitioner's Intentional Infliction of Emotional Distress (IIED) claim against Defendant Jazz Casino on the ground that its conduct was not sufficiently outrageous to support a finding of IIED.

2

Defendants Real, Robicheaux, and Westburg filed the instant Motion to Dismiss Individual Defendants on the grounds that as individuals they cannot be liable under the ADEA and that Plaintiff's state law claims are time barred by liberative prescription.[1] Plaintiff has failed to oppose this Motion. The Court may not, however, simply grant the instant Motion as unopposed. The Fifth Circuit approaches the automatic grant of dispositive motions with considerable aversion.[2] Accordingly, this Court has considered the merits of the Individual Defendants' Motion.

## LEGAL STANDARD

To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must plead enough facts "to state a claim for relief that is plausible on its face."[3] A claim is "plausible on its face" when the pleaded facts allow the court to "draw reasonable inference that the defendant is liable for the misconduct alleged."[4] A court must accept the complaint's factual allegations as true and must "draw all reasonable inferences in the plaintiff's favor."[5] The court need not, however, accept as true legal conclusions couched as factual allegations.[6] To be legally sufficient, a complaint must establish more than a "sheer possibility" that the plaintiff's claims are true.[7] If it is apparent from the face of the complaint that an insurmountable bar to relief exists and the plaintiff is not entitled to relief,

---

[1] While the same arguments might have been brought on behalf of Defendant Cain Myers, he has yet to be served and is not a Movant in the Motion before this Court.

[2] *See, e.g., Servicios Azucareros de Venezuela, C.A. v. John Deere Thibodeaux, Inc.,* 702 F.3d 794, 806 (5th Cir. 2012); *Johnson v. Pettiford,* 442 F.3d 917, 918 (5th Cir. 2006) (per curiam); *John v. State of Louisiana (Bd. of Trs. for State Colls. and Univs.),* 757 F.2d 698, 709 (5th Cir.1985).

[3] *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007)).

[4] *Id.*

[5] *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir. 2009).

[6] *Iqbal*, 556 U.S. at 678.

[7] *Id.*

the court must dismiss the claim.[8]  The court's review is limited to the complaint and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint.[9]

## LAW & ANALYSIS

Plaintiff's Complaint alleges claims against the Individual Defendants for wrongful termination, discrimination, and hostile workplace on the basis of age, intentional infliction of emotional distress, and defamation. The Individual Defendants have moved for dismissal of the claims against them on two grounds: (1) the ADEA does not apply to individual employees, and (2) Plaintiff's state law claims have prescribed.  This Court will address each of Individual Defendants' arguments for dismissal in turn.

### I.     ADEA Claim

The Individual Defendants first argue that Plaintiff cannot file suit against individual supervisory employees under the ADEA. Movants cite *Stults v. Conco, Inc.* in which the Fifth Circuit held that "the ADEA provides no basis for individual liability for supervisory employees."[10] In reaching this conclusion, the Fifth Circuit utilized decisions from the Fourth and Ninth Circuits in which those courts reached similar decisions.[11]  The Fifth Circuit has reaffirmed this holding in subsequent cases.[12] "The ADEA makes it unlawful for an employer to discriminate against an individual on the basis of age. Under the ADEA, the term 'employer' means a person 'engaged in an industry affecting commerce who has twenty or more employees for each working day in each of twenty or more calendar weeks in the current or

---

[8] *Lormand*, 565 F.3d at 255–57.
[9] *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000).
[10] *Stults v. Conco,* 76 F.3d 651, 655 (5th Cir. 1996).
[11] *Id.*
[12] *See, e.g., Smith v. Amedisys Inc.*, 298 F.3d 434, 448 (5th Cir. 2002).

preceding calendar year . . . .'"[13]  Accordingly, Individual Defendants cannot be liable under the ADEA, and their request for dismissal on these grounds is granted.

## II. State Law Claims

Individual Defendants next move for dismissal of Plaintiff's state law claims for intentional infliction of emotional distress and defamation and slander on the ground that those claims are prescribed. In support of this argument, the Individual Defendants cite Louisiana Civil Code article 3492, which states that "delictual actions are subject to a liberative prescription of one year." Plaintiff's employment terminated on May 14, 2014 and her unemployment compensation benefits hearing took place on August 7, 2014. Therefore, at the latest, Plaintiff's state law claims prescribed on August 7, 2015.  The Complaint against Individual Defendants was filed on December 20, 2015.  Accordingly, Plaintiff's state law tort claims have prescribed, and Individual Defendants' request for dismissal is granted.

The Fifth Circuit has stated that "leave to amend pleadings 'shall be freely given when justice so requires.'"[14]  However, dismissal with prejudice is appropriate where, as here, the deficiencies in Plaintiff's complaint are incurable.[15]

## CONCLUSION

For the foregoing reasons, the Motion to Dismiss is GRANTED, and Plaintiff's claims against Defendants Daniel Real, Matthew Robicheaux, and Kristin Westberg are DISMISSED WITH PREJUDICE.

---

[13] *Stults*, 76 F.3d at 655 (quoting 29 U.S.C. § 623(a)).
[14] *Addington v. Farmer's Elevator Mutual Insurance Co.*, 650 F.2d 663, 666 (5th Cir. 1981) (quoting Fed. R. Civ. Proc. Rule 15(a)).
[15] *Hart v. Bayer Corp.*, 199 F.3d 239, 248 n. 6 (5th Cir. 2000).

New Orleans, this 13th day of July, 2016.

_____

**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**