UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **DEANNA BROUSSARD** | **CIVIL ACTION** |
| **VERSUS** | **NO: 15-06959** |
| **JAZZ CASINO COMPANY, LLC<br>CAIN MYERS, MATTHEW "MATT"<br>ROBICHEAUX, KRISTEN WESTBIRG.<br>DANIEL "DAN" REAL, and the XXX<br>INSURANCE COMPANY(S)** | **SECTION: "H" (4)** |

## ORDER

Before the Court is **Plaintiff's Rule 30 and 32 Motion to Suppress/Strike Depositions from Motion Practice Use or Trial Use by Defendants (R. Doc. 114) and Plaintiff's Rule 37 Motion to Compel Discovery Responses and related Rule 36(a)(6) Motion to Determine Sufficiency of Defendant's objections to Requests for Admissions ( Rec. doc. 117)**, seeking an Order preventing the defendant from using copies of the depositions because of their refusal to provide a copy to the plaintiff as required by F.R.C.P. 32(d) 4 (R. Doc. 114) and requesting the court to compel defendants to give more complete responses.(R.Doc. 117). The motions are opposed. (R. Doc. 120) (R.Doc. 121.) The motions were submitted on the briefs.

### I.     Background

This is an employment lawsuit filed by plaintiff, Deanne Broussard ("Broussard") who contends that despite her performance, she was wrongly terminated by the defendants, her employer and its supervisors. She alleges that the decision to terminate her were based upon discriminatory animus because of her age, 64. (R.Doc.1). Broussard alleges that her age did not negatively impact her work performance, which is evidenced by the fact that she has consistently received positive or superior evaluation from both her co-workers and superiors at Harrah's. Id.

1

Broussard alleges that she had various experiences in the workplace which signaled that her employer was trying to push her out of her job because she was too old. Id. She alleges that defendant Cain Myers ("Myers"), the Senior Executive Host, had repeatedly suggested that Broussard retire. She alleges that the constant questioning and hinting that she should retire made the workplace hostile, condoned age discrimination and resulted in her wrongful termination. Broussard has filed this claim pursuant to Title VII, and LSA-R.S. 13:1006. She also alleges that she suffered intentional infliction of emotional distress, slander/defamation, and negligence. She seeks to recover damages for lost wages, reduced employment opportunities, loss of enjoyment of life, future wage loss, reasonable attorney's fees and costs.

Broussard complains that the defendants failed to produce a copy of her deposition for reading and signing until six months after the deposition was taken. As a result, Broussard seeks to strike the use of her deposition either at trial or as support for the defendants' motion for summary judgment. (Rec. doc. 114) Broussard also filed a motion to compel supplemental responses to its discovery propounded on April 14, 2018. (Rec. doc. 117-5)

The defendants oppose the motion noting that it did nothing wrong and that plaintiff's counsel could have obtained a copy of the transcript directly from the court reporter when he had the court reporters contact information in February. Defense counsel contends that counsel for plaintiff secured a copy of the transcript 41 days before he filed the pending motion for summary judgment and had ample time to digest the material. (Rec. doc. 121) The defendants oppose Broussard's request for supplemental responses. (Rec. doc. 120).

## II. **Standard of Review**

Rule 26(b)(1) provides that "[p]arties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense." Rule 26(b)(1). The Rule specifies that

2

"[r]elevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." *Id.* The discovery rules are accorded broad and liberal treatment to achieve their purpose of adequately informing litigants in civil trials. *Herbert v. Lando*, 441 U.S. 153, 177 (1979). Nevertheless, discovery does have "ultimate and necessary boundaries." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978) (quoting *Hickman v. Taylor*, 329 U.S. 495, 507 (1947)). Further, it is well established that "control of discovery is committed to the sound discretion of the trial court . . ." *Freeman v. United States*, 556 F.3d 326, 341 (5th Cir. 2009); *Coleman v. Am. Red Cross*, 23 F.3d 1091, 1096 (6th Cir. 1994).

Under Rule 26(b)(2)(c), discovery may be limited if: (1) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from another, more convenient, less burdensome, or less expensive source; (2) the party seeking discovery has had ample opportunity to obtain the discovery sought; or (3) the burden or expense of the proposed discovery outweighs its likely benefit. Rule 26(b)(2)(C). In assessing whether the burden of the discovery outweighs its benefit, a court must consider: (1) the needs of the case; (2) the amount in controversy; (3) the parties' resources; (4) the importance of the issues at stake in the litigation; and (5) the importance of the proposed discovery in resolving the issues. *Id.* at 26(b)(2)(C)(iii).

Rule 34 provides that a party may request another party to produce "any designated documents or electronically stored information . . . stored in any medium from which information can be obtained." *Id.* at 34(a)(1)(A). This request "must describe with reasonable particularity each item or category of items to be inspected." *Id.* at (b)(1)(A). "For each item or category, the response must either state that inspection . . . will be permitted as requested or state an objection to the request, including the reasons." *Id.* at (b)(2)(B). Rule 34 provides that "[t]he party to whom the request is directed must respond in writing within 30 days after being served." *Id.* at 34(b)(2)(A).

## III. Analysis

Broussard complains that the defendants failed to produce a copy of her deposition for reading and signing until six months after the deposition was taken. As a result, Broussard seeks to strike the use of her deposition either at trial or as support for the defendants' motion for summary judgment. (Rec. doc. 114).

The defendants oppose the motion noting that it did nothing wrong and that plaintiff's counsel could have obtained a copy of the transcript directly from the court reporter when he had the court reporters contact information in February. Defense counsel contends that counsel for plaintiff secured a copy of the transcript 41 days before he filed the motion for summary judgment that is pending before the court and had ample time to digest the material. (Rec. doc. 121) The defendants oppose Broussard's request for supplemental responses. (Rec. doc. 120).

### 1. Copy of Plaintiff's Deposition

Initially, plaintiff relies upon FRCP 32(d) (4) for the proposition that he should receive a copy of the depositions for proper review and correction. He complains that despite his request he was not provided a copy until August 2018 by defense counsel, when the deposition occurred in February 2018. As a result, he seeks to have the usage of the deposition of Broussard forbidden by the court and remove it from any pleadings.

Fed. Rule Civ. Proc. Rule 30(e) allows a deponent to make changes to his or her deposition, permitted a party to issue deposition errata sheet making changes to witnesses' deposition testimony. Fed.R.Civ.P. 30(e) directs that a "deponent must be allowed 30 days after being notified by the officer that the [deposition] transcript ... is available in which" to review and make changes to the transcript.

Rule 32(d)(4) of the Federal Rules of Civil Procedure provides that "an objection to how the officer transcribed the testimony ... is waived unless a motion to suppress is made promptly after the error or irregularity becomes known or, with reasonable diligence, could have been known."

In this case, plaintiff's counsel is under the mistaken impression that it was the defense counsel's obligation to send him a copy of the plaintiff's deposition for Broussard to review and sign. Instead, the rule provides that the obligation is on the stenographer to notify the deponent that her deposition was available for her to review and make changes. Plaintiff fails to present any evidence suggesting that the officer failed to comply with the rule. As a result, the ability to do so is now waived by the plaintiff and the request to prevent the use of the deposition by suppressing or striking it for the failure of the defense counsel to provide plaintiff's counsel with a copy is **DENIED**.

2. **Motion to Compel Sufficient Responses**

Next before the court is a request by the plaintiff to compel the defendant to give more complete responses to the plaintiff's supplemental discovery which included request for admissions, interrogatories and request for production of documents. (Rec. doc. 117-5) The contested discovery was propounded on April 14, 2018.

The defendant contends that the discovery do not warrant any supplementation as they objected in good faith where they deemed it necessary. (Rec. doc. 120) The defendant also contends that a discovery conference did not take place despite the defense counsel's request and further indicates that he is not aware of any reason why the supplemental responses are inadequate.

The Court does not reach either of the issues raised by the parties in the Motion to Compel because according to the District Judge's scheduling order, the discovery deadline was March 20, 2018. (Rec. doc. 96.) The supplemental discovery was not propounded until almost one month after the expiration of the discovery deadline. While the defendants provided a response to the

supplemental discovery, they were not obliged to do so according to the scheduling order. The Court, therefore finds that the request to compel sufficient responses to the request for admission, interrogatories and requests for production of documents is **DENIED** as untimely.

## IV. Conclusion

Accordingly,

**IT IS ORDERED** that **Plaintiff's Rule 30 and 32 Motion to Suppress/Strike Depositions from Motion Practice Use or Trial Use by Defendants (R. Doc. 114) is DENIED.**

**IT IS FURTHER ORDERED** that **Plaintiff's Rule 37 Motion to Compel Discovery Responses and related Rule 36(a)(6) Motion to Determine Sufficiency of Defendant's objections to Requests for Admissions ( Rec. doc. 117)** is **DENIED as untimely.**

New Orleans, Louisiana, this 16th day of October, 2018.

**KAREN WELLS ROBY
CHIEF UNITED STATES MAGISTRATE JUDGE**