# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **DEANNA BROUSSARD** | **CIVIL ACTION** |
| **VERSUS** | **NO: 15-6959** |
| **JAZZ CASINO CO. LLC ET AL.** | **SECTION "H"** |

## ORDER AND REASONS

Before the Court are Plaintiff's Motions for Review of a Magistrate Judge Decision (Docs. 135, 142). For the following reasons, the Motions are DENIED.

## BACKGROUND

Plaintiff asks this Court to review a ruling of the Magistrate Judge in which she denied Plaintiff's Motion to Strike Depositions for Motion and Trial Use and Motion to Compel Discovery Responses. Plaintiff's Motion to Strike Depositions asked this Court to prevent Defendant Jazz Casino Co., LLC from using depositions it took in this matter in light of its failure to provide Plaintiff with a copy of such. Her Motion to Compel asked the Court to compel Defendant to give more complete discovery responses. The Magistrate Judge

denied both requests, and Plaintiff now appeals. This Court will consider each motion in turn.

## LEGAL STANDARD

With the consent of the presiding district judge, a magistrate judge may adjudicate non-dispositive pre-trial motions.[1] A magistrate judge is afforded broad discretion in resolving non-dispositive pre-trial matters.[2] A party aggrieved by the magistrate judge's ruling may appeal to the district judge within fourteen days after service of the ruling.[3] The district judge may reverse only upon a finding that the ruling is "clearly erroneous or contrary to law."[4] In order to meet this high standard, the district judge must be "left with a definite and firm conviction that a mistake has been committed."[5]

## LAW & ANALYSIS

### A. Motion to Strike Depositions

Plaintiff's Motion to Strike Depositions for trial or motion use complains that she did not receive a copy of the transcript of her deposition or the deposition of an additional witness until nearly six months after they took place. The depositions took place on February 28–29, 2018. Plaintiff received copies of the depositions on August 22, 2018, and Defendant filed a motion for summary judgment on September 18, 2018. Plaintiff's opposition to that motion was due October 16, 2018. She complains that this did not allow her the 30 days required by Federal Rule of Civil Procedure 30 to read and sign the transcript. The Magistrate Judge denied the motion, noting that Federal Rule of Civil Procedure 30 requires that the court reporter notify counsel that a copy

---

[1] 28 U.S.C. § 636(b)(1)(A).
[2] *McCallon v. BP Am. Prod. Co.*, Nos. 05–0597, C/W 05–0700, 2006 WL 3246886, at *2 (E.D. La. Nov. 8, 2006).
[3] FED. R. CIV. P. 72(a).
[4] 28 U.S.C. § 636(b)(1)(A); FED. R. CIV. P. 72(a).
[5] *Yelton v. PHI, Inc.*, 284 F.R.D. 374, 376 (E.D. La. 2012) (internal quotation marks omitted).

of plaintiff's deposition was available to review and sign and that the Defendant should not be sanctioned for any alleged failure of the court reporter to do so.

Plaintiff now asks this Court to review the Magistrate Judge's ruling and sets forth substantially the same arguments. Plaintiff continues to incorrectly place the blame for her inability to review the deposition transcripts on Defendant. The law clearly puts the obligation to notify counsel that the transcript is available on the court reporter. Plaintiff has cited to no law obligating Defendant to produce the transcripts at issue to her. Further, Plaintiff has not shown how it was prejudiced by the delay. Indeed, she has not pointed to any portion of the deposition that she believes needs correction. In addition, she had a copy of the transcript of her deposition 55 days prior to the deadline to file an opposition to Defendant's summary judgment motion.[6] Plaintiff has also not explained why she waited nearly seven months after the depositions were held to complain about not receiving the transcripts. Accordingly, Plaintiff has not identified any clear error in the Magistrate Judge's holding, and indeed, this Court would have reached the identical conclusion.

**B. Motion to Compel Discovery**

Plaintiff next complained that Defendant's May 22, 2018 answers to supplemental discovery requests propounded on April 14, 2018 were insufficient. She filed a motion to compel Defendant to give more complete responses on October 4, 2018. The Magistrate Judge held that because the discovery deadline was March 20, 2018, the motion to compel was untimely. In fact, this Court had, by separate order, extended the deadline to propound discovery to April 15, 2018.[7] Plaintiff propounded her discovery requests prior

---

[6] Indeed, this Court granted Plaintiff an additional week within which to file her opposition. Doc. 124.
[7] Docs. 104, 107.

to this deadline. That said, the filing deadline for non-dispositive, pre-trial motions was October 2, 2018. Accordingly, Plaintiff's motion remains untimely.

Plaintiff has given no explanation why she waited more than four months after receiving Defendant's allegedly insufficient discovery responses, one month after receiving its supplemental responses, and after Defendant had moved for summary judgment to seek to compel discovery. This Court is well aware of Plaintiff counsel's ongoing illness and financial troubles and has entertained multiple continuances in this matter to accommodate. In fact, trial in this matter has been continued nearly 16 months from its original setting. However, this Court cannot continue to hold this matter in abeyance while Plaintiff conducts discovery at her leisure. She has failed to comply with the generous deadlines provided by this Court.

## **CONCLUSION**

For the foregoing reasons, the Motions are DENIED.

New Orleans, this 5th day of November, 2018.

**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**

4