# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **DEANNA BROUSSARD** | **CIVIL ACTION** |
| **VERSUS** | **NO: 15-6959** |
| **JAZZ CASINO CO. LLC ET AL.** | **SECTION "H"** |

## ORDER AND REASONS

Before the Court is Defendant's Motion for Summary Judgment (Doc. 110). For the following reasons, the Motion is GRANTED.

## BACKGROUND

Defendant Jazz Casino Company, LLC ("Jazz Casino") hired Plaintiff Deanna Broussard as a Senior Executive Host at Harrah's Casino in April 2006. On May 14, 2014, Jazz Casino discharged Plaintiff. Plaintiff brings claims arising out of her termination, alleging that she was terminated because of her age in violation of the Age Discrimination in Employment Act ("ADEA") and state law, that Defendant breached her employment contract, and that Defendant made defamatory remarks regarding the reason for her termination

1

in a hearing for unemployment benefits. Defendant now moves for summary judgment on all of Plaintiff's claims.

## **LEGAL STANDARD**

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."[1] A genuine issue of fact exists only "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."[2]

In determining whether the movant is entitled to summary judgment, the Court views facts in the light most favorable to the non-movant and draws all reasonable inferences in his favor.[3] "If the moving party meets the initial burden of showing that there is no genuine issue of material fact, the burden shifts to the non-moving party to produce evidence or designate specific facts showing the existence of a genuine issue for trial."[4] Summary judgment is appropriate if the non-movant "fails to make a showing sufficient to establish the existence of an element essential to that party's case."[5] "In response to a properly supported motion for summary judgment, the non-movant must identify specific evidence in the record and articulate the manner in which that evidence supports that party's claim, and such evidence must be sufficient to sustain a finding in favor of the non-movant on all issues as to which the non-movant would bear the burden of proof at trial."[6] "We do not . . . in the absence

---

[1] Sherman v. Hallbauer, 455 F.2d 1236, 1241 (5th Cir. 1972).
[2] Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).
[3] Coleman v. Houston Indep. Sch. Dist., 113 F.3d 528, 532 (5th Cir. 1997).
[4] Engstrom v. First Nat'l Bank of Eagle Lake, 47 F.3d 1459, 1462 (5th Cir. 1995).
[5] Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986).
[6] John v. Deep E. Tex. Reg. Narcotics Trafficking Task Force, 379 F.3d 293, 301 (5th Cir. 2004) (internal citations omitted).

of any proof, assume that the nonmoving party could or would prove the necessary facts."[7] Additionally, "[t]he mere argued existence of a factual dispute will not defeat an otherwise properly supported motion."[8]

## **LAW & ANALYSIS**

This Court will consider Defendant's arguments for summary judgment on each of Plaintiff's claims in turn.

### **A. Age Discrimination**

Under the ADEA, "[i]t shall be unlawful for an employer . . . to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age."[9] To demonstrate age discrimination a "plaintiff must show that '(1) he was discharged; (2) he was qualified for the position; (3) he was within the protected class at the time of discharge; and (4) he was either i) replaced by someone outside the protected class, ii) replaced by someone younger, or iii) otherwise discharged because of his age.'"[10] If the plaintiff succeeds in showing a prima facie case, "the burden shifts to the employer to provide a legitimate, nondiscriminatory reason for terminating employment. If the employer satisfies this burden, the burden shifts back to the employee to prove either that the employer's proffered reason was not true—but was instead a pretext for age discrimination—or that, even if the employer's reason is true, he was terminated because of his age."[11]

---

[7] Badon v. R J R Nabisco, Inc., 224 F.3d 382, 394 (5th Cir. 2000) (quoting Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994)).
[8] Boudreaux v. Banctec, Inc., 366 F. Supp. 2d 425, 430 (E.D. La. 2005).
[9] 29 U.S.C. § 623(a)(1).
[10] Rachid v. Jack In The Box, Inc., 376 F.3d 305, 309 (5th Cir. 2004).
[11] Miller v. Raytheon Co., 716 F.3d 138, 144 (5th Cir. 2013). Plaintiff also brings claims under Louisiana's age discrimination act. "Because Louisiana's age discrimination statute is nearly identical to the federal statute prohibiting age discrimination, Louisiana courts have traditionally used federal

Here, Plaintiff has established a prima facie case, showing that she was discharged at age sixty-five from a job for which she was qualified and replaced by a younger employee. Defendant, however, submits copious evidence of its non-discriminatory reason for terminating Plaintiff. Defendant shows that Plaintiff was counseled for performance issues numerous times before her termination. In February 2014, Plaintiff was placed on an action plan and given specific areas in which her performance needed improvement. Specifically, she ranked last on her team in terms of meeting the benchmarks set for her performance at the beginning of the year. At the time of the action plan, she had generated revenue totaling only 71% of her benchmark, and she ultimately finished the first quarter of 2014 meeting only 68.9% of her benchmark goal. The documentation of her termination in May 2014, which Plaintiff signed, details these performance issues as the reason for Plaintiff's termination. Defendant also shows that it has fired at least two other casino hosts who were younger than 40 for performance issues. In addition, Defendant shows that at least one casino host in her 60s remained employed at the time that Plaintiff was terminated and completed 99.6% of her benchmark goal for the first quarter of 2014.

Plaintiff fails to create a material issue of fact that Defendant's non-discriminatory reason is pretextual. Plaintiff presents three pieces of evidence in support of her argument that Defendant's reason is pretextual: (1) evidence of the gross revenue brought in by Plaintiff, (2) affidavits from a former co-worker and customer attesting that Plaintiff was an excellent casino host, and (3) Plaintiff's affidavit. The first shows that Plaintiff often brought in the highest gross revenue of the members of her team. This was because Plaintiff had one of the highest benchmarks on the team because of her comparatively

---

case law for guidance." Montgomery v. C & C Self Enters., Inc., 62 So. 3d 279, 281 (La. App. 3 Cir. 2011).

larger book of business. This fact does not, however, belie the fact that Defendant assesses the performance of its casino hosts by the percentage of revenue collected by each host against his or her benchmark, not by the total gross revenue collected by each host. Accordingly, the fact that Plaintiff often brought in among the highest gross revenue does not show that Defendant's non-discriminatory reason was pretextual.

Second, the fact that a former co-worker, with whom Plaintiff had not worked since 2011, and a customer attested to Plaintiff's effectiveness as a casino host likewise does not show that Defendant's non-discriminatory reason for terminating Plaintiff was pretext for age discrimination. "The ADEA was not intended to be a vehicle for judicial second-guessing of employment decisions."[12]

Finally, Plaintiff attaches a 26-page affidavit to her opposition, alleging several disparaging remarks made by a supervisor and co-workers regarding her age or retirement. Specifically, her affidavit states that Cain Myers, her direct supervisor, repeatedly suggested that she retire and repeatedly asked when she planned to retire. In her deposition, however, Plaintiff testified that Mr. Myers only asked her on one occasion whether she intended to retire and that he was "not pressuring" her and never suggested that she retire.[13] To explain the discrepancy between the affidavit and her deposition, Plaintiff's affidavit asserts that she was "emotionally destroyed," "very emotionally upset, disabled, distracted and stricken" by questioning at the deposition regarding the unexpected death of her son and that such caused her to "hastily respond to questions."[14] Nothing in the portions of the deposition supplied to this Court

---

[12] Bienkowski v. Am. Airlines, Inc., 851 F.2d 1503, 1507–08 (5th Cir. 1988).

[13] In both her deposition and her affidavit, Plaintiff details age-related comments made by a co-worker, Matthew Robicheaux. However, Plaintiff has not shown that Mr. Robicheaux had any control over her employment or influence on the decision to terminate her. Indeed, in her deposition she admits that he did not.

[14] Doc. 131-1.

indicate such an emotional state. Further, a "nonmovant cannot defeat a motion for summary judgment by submitting an affidavit which directly contradicts, without explanation, [her] previous testimony."[15]

That said, even assuming that Mr. Myers made repeated suggestions that Plaintiff should retire as indicated in her affidavit, such would not be sufficient to show pretext. The Fifth Circuit "has repeatedly held that 'stray remarks' do not demonstrate age discrimination."[16] "[W]hen an employee offers workplace comments as circumstantial evidence of age discrimination, the court applies a flexible two-part test, under which the comments must show: (1) discriminatory animus (2) on the part of a person that is either primarily responsible for the challenged employment action or by a person with influence or leverage over the relevant decisionmaker."[17] The remarks made by Mr. Myers do not satisfy the first prong as they are not "sufficiently probative of discriminatory intent for a reasonable jury to conclude that age discrimination was the real reason" for Plaintiff's termination.[18] In addition, stray remarks cannot be the only evidence of pretext.[19] In light of the clear evidence of Plaintiff's poor performance and the fact that Defendant continues to employ other casino hosts in their 60s, these stray remarks are insufficient to create a material issue of fact.[20] Accordingly, Defendant is entitled to summary

---

[15] Albertson v. T.J. Stevenson & Co., 749 F.2d 223, 228 (5th Cir. 1984).
[16] E.E.O.C. v. Texas Instruments Inc., 100 F.3d 1173, 1181 (5th Cir. 1996).
[17] Squyres v. Heico Cos., L.L.C., 782 F.3d 224, 236 (5th Cir. 2015).
[18] Gifford v. Lone Star Steel Co., 170 F.3d 183 (5th Cir. 1999) (holding that comments that the plaintiff should be "out fishing instead of working" or "retired and out fishing," were stray remarks not probative of discriminatory animus).
[19] Palasota v. Haggar Clothing Co., 342 F.3d 569, 577 (5th Cir. 2003); Paulissen v. MEI Techs., Inc., 942 F. Supp. 2d 658, 670–71 (S.D. Tex. 2013).
[20] Auguster v. Vermilion Par. Sch. Bd., 249 F.3d 400, 404 (5th Cir. 2001) ("Given the overwhelming evidence supporting the school board's legitimate justification, however, Dartez's comments can be viewed as no more than stray remarks, which are insufficient to survive summary judgment.").

judgment on Plaintiff's claim for age discrimination under both federal and state law.

### B. Defamation

Defendant next moves for summary judgment on Plaintiff's defamation claim. Plaintiff's Complaint alleges that Defendant defamed her when it stated that she was terminated for misconduct in a hearing for unemployment insurance benefits. Defendant first argues that this claim has prescribed because the alleged statement was made at a hearing conducted on August 7, 2014, and this action was not commenced until December 20, 2015. Under Louisiana law, "[d]efamation claims sound in tort, and as such are subject to a prescriptive period of one year which commences to run from the day the injury is sustained."[21] Accordingly, Plaintiff's defamation claim is facially prescribed. Plaintiff has not offered any argument suggesting otherwise. Indeed, Plaintiff does not submit any defense to any of Defendant's arguments for dismissal of her defamation claim. Accordingly, Plaintiff's defamation claim is dismissed as untimely.

### C. Breach of Contract

Defendant next moves for summary judgment on Plaintiff's breach of contract claim. Plaintiff's Complaint alleges that Plaintiff's termination was a breach of her employment contract. Defendant has provided this Court with the employment contract, which clearly indicates that Plaintiff was an at-will employee who could be terminated at any time. Plaintiff does not present any argument to the contrary. Accordingly, Plaintiff's breach of contract claim is dismissed.

Finally, the Court notes that Plaintiff's opposition requests that discovery be reopened for the taking of four additional depositions. The Court

---

[21] Alexander v. Times-Picayune L.L.C, 221 So. 3d 198, 203 (La. App. 4 Cir. 2017).

is mindful that Plaintiff has been unemployed and her counsel has been ill for much of the pendency of this litigation. However, this late request is denied. This Court has entertained multiple continuances in this matter to accommodate Plaintiff and her counsel. In fact, trial in this matter has been continued nearly 16 months from its original setting. Ultimately, however, the opposition filed by Plaintiff's counsel subsisted in the conclusory allegations of the Complaint and failed to include evidence supporting Plaintiff's claims. This Court cannot continue to hold this matter in abeyance while Plaintiff conducts discovery at her leisure. She has failed to take advantage of the generous deadlines provided by this Court.

## **CONCLUSION**

For the foregoing reasons, Defendant's Motion for Summary Judgment is GRANTED, and Plaintiff's claims are DISMISSED WITH PREJUDICE.

New Orleans, this 19th day of November, 2018.

_____
**JANE TRICHE MILAZZO
UNITED STATES DISTRICT JUDGE**