UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **DEANNA BROUSSARD** | **CIVIL ACTION** |
| **VERSUS** | **NO: 15-6959** |
| **JAZZ CASINO CO. LLC ET AL.** | **SECTION "H"** |

## ORDER AND REASONS

Before the Court is Plaintiff's Motion to Alter or Amend Court's Final Judgment (Doc. 164). For the following reasons, the Motion is DENIED.

## BACKGROUND

Defendant Jazz Casino Company, LLC ("Jazz Casino") hired Plaintiff Deanna Broussard as a Senior Executive Host at Harrah's Casino in April 2006. On May 14, 2014, Jazz Casino discharged Plaintiff. Plaintiff brought claims arising out of her termination, alleging that she was terminated because of her age in violation of the Age Discrimination in Employment Act ("ADEA") and state law, that Defendant breached her employment contract, and that Defendant made defamatory remarks regarding the reason for her termination in a hearing for unemployment benefits. On November 19, 2018, this Court granted summary judgment in Defendant's favor, dismissing with prejudice all

1

of Plaintiff's claims. Plaintiff then filed the instant motion, which she titled a "Rule 59 Motion for New Trial of Defendant's Motion for Summary Judgment and Court's Granting said Motion, Dismissing all Plaintiff's Claims with Prejudice." This Court finds that Plaintiff's Motion is more appropriately titled a Motion to Alter or Amend Final Judgment and considered under the standard set forth in Rule 59(e).

## **LEGAL STANDARD**

Pursuant to Federal Rule of Civil Procedure 59(e), "[a] motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." A Rule 59(e) motion "[i]s not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment."[1] Instead, Rule 59(e) serves the narrow purpose of correcting "'manifest error[s] of law or fact or . . . presenting newly discovered evidence.'"[2] "'Manifest error' is one that 'is plain and indisputable, and that amounts to a complete disregard of the controlling law.'"[3] In the Fifth Circuit, altering, amending, or reconsidering a judgment under Rule 59(e) "[i]s an extraordinary remedy that should be used sparingly."[4] While district courts have "considerable discretion in deciding whether to grant or deny a motion to alter a judgment," denial is favored.[5]

---

[1] Templet v. HydroChem, Inc., 367 F.3d 473, 479 (5th Cir. 2004) (citing Simon v. United States, 891 F.2d 1154, 1159 (5th Cir. 1990)).
[2] Advocare Int'l, LP v. Horizon Labs., Inc., 524 F.3d 679, 691 (5th Cir. 2008) (quoting Rosenzweig v. Azurix Corp., 332 F.3d 854, 863 (5th Cir. 2003)).
[3] Guy v. Crown Equip. Corp., 394 F.3d 320, 325 (5th Cir. 2004) (quoting Venegas–Hernandez v. Sonolux Records, 370 F.3d 183, 195 (1st Cir. 2004)).
[4] Templet, 367 F.3d at 479 (citations omitted).
[5] Hale v. Townley, 45 F.3d 914, 921 (5th Cir. 1995).

## LAW & ANALYSIS

Plaintiff raises four arguments in its Motion. Each of Plaintiff's arguments amount to no more than a disagreement with the rulings of this Court. Plaintiff does not present new evidence or identify a manifest error committed by this Court. Indeed, Plaintiff's motion does not cite to any law or record evidence. This Court need not rehash arguments already considered in the granting of summary judgment.

## CONCLUSION

For the foregoing reasons, Plaintiff's Motion is DENIED.

New Orleans, this 6th day of May, 2019.

_____
**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**